UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

CHELDRID SOSA,
    a/k/a "Avipa,"
    a/k/a "Young Avii,"

ERICK PLACENCIA,
    a/k/a "Greña,"

JUSTIN MARTHA,
    a/k/a "Mafia,"

MICHAEL MERCEDES MARTE,
    a/k/a "Sicario,"
    a/k/a "Sikario,"
    a/k/a "S30,"

JOSE PERALTA GOMEZ,
    a/k/a "JP,"
    a/k/a "JeyP,"

MANUEL ABAD RIVAS
    a/k/a "Rubirosa,"

WILFREN CARBUCCIA,
    a/k/a "Diablon,"

JEILIN PORTES GUABA
    a/k/a "Ganga,"

JAVIER PEÑA
    a/k/a "Lion,"

ANGEL MANON
    a/k/a "Jerarka,"

DARWIN MARTINEZ
    a/k/a "Mole," and

JAROL LEDESMA,
    a/k/a "El Nueve,"

**SEALED INDICTMENT**

26 Cr. 307

a/k/a "Lil Nueve,"

Defendants.

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

At all times relevant to this Indictment,

### THE BB7 TRINITARIOS ENTERPRISE

1.    CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," ERICK PLACENCIA, a/k/a "Greña," JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," JEILIN PORTES GUABA, a/k/a "Ganga," JAVIER PEÑA, a/k/a "Lion," ANGEL MANON, a/k/a "Jerarka," and DARWIN MARTINEZ, a/k/a "Mole," the defendants, and others known and unknown, were members and associates of the "Bad Boys 7" set of the Trinitarios street and prison gang, an organization that operated principally in the Bronx, New York, New Jersey, and elsewhere. Members and associates of the Bad Boys 7 gang engaged in, among other activities, acts involving murder, assault, robbery, carjacking, narcotics trafficking, and wire fraud.

2.    Bad Boys 7, including its leaders, members, and associates, constituted an enterprise, as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce (hereinafter, "BB7" or the "BB7 Enterprise"). The BB7 Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the BB7 Enterprise.

2

3.    CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," ERICK PLACENCIA, a/k/a "Greña," JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," JEILIN PORTES GUABA, a/k/a "Ganga," JAVIER PEÑA, a/k/a "Lion," ANGEL MANON, a/k/a "Jerarka," and DARWIN MARTINEZ, a/k/a "Mole," the defendants, were members and associates of the BB7 Enterprise and participated in unlawful and other activities in furtherance of the conduct of BB7's affairs.

PURPOSES OF THE BB7 ENTERPRISE

4.    The purposes of the BB7 Enterprise included the following:

a.    Preserving and protecting the power and territory of the BB7 Enterprise and its members and associates through acts involving murder, assault, robbery, other acts of violence, and threats of violence.

b.    Enriching the members and associates of the BB7 Enterprise through, among other things, robbery, carjackings, car thefts, the distribution and sale of narcotics, and wire fraud and bank fraud.

c.    Promoting and enhancing the BB7 Enterprise and the reputation and activities of its members and associates.

d.    Keeping victims and potential victims in fear of the BB7 Enterprise and its members and associates through acts and threats of violence.

e.    Providing assistance to members and associates of the BB7 Enterprise who committed crimes for and on behalf of the BB7 Enterprise.

MEANS AND METHODS OF THE BB7 ENTERPRISE

3

5. Among the means and methods by which members and associates of the BB7 Enterprise conducted and participated in the conduct of the affairs of the BB7 Enterprise were the following:

a. Members and associates of BB7 committed, conspired to commit, attempted, and threatened to commit, acts of violence, including acts involving murder and assault, to protect and to expand BB7's criminal operations, resolve disputes within BB7, and to attack and retaliate against rival gangs and other individuals or groups adverse to BB7.

b. Members and associates of BB7 committed robberies and carjackings.

c. Members and associates of BB7 stole vehicles, and subsequently used, transported, and resold such stolen vehicles.

d. Members and associates of BB7 obtained, possessed, trafficked in interstate commerce, and used firearms and ammunition.

e. Members and associates of BB7 possessed, carried, used, brandished, and discharged firearms in furtherance of the BB7 Enterprise's interests, including in connection with their robberies, carjackings, acts of retaliation and retribution against other gangs, and other acts of violence.

f. Members and associates of BB7 promoted and celebrated, including in music and on YouTube and other social media, the criminal conduct of BB7, namely acts involving violence, and the possession and use of firearms.

g. Members and associates of BB7 distributed controlled substances, including marihuana.

h. Members and associates of BB7 committed, and conspired and attempted to commit, financial frauds.

4

THE RACKETEERING CONSPIRACY

6.     From at least in or about September 2023, up through and including at least on or about September 14, 2025, in the Southern District of New York and elsewhere, CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," ERICK PLACENCIA, a/k/a "Greña," JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," JEILIN PORTES GUABA, a/k/a "Ganga," JAVIER PEÑA, a/k/a "Lion," ANGEL MANON, a/k/a "Jerarka," and DARWIN MARTINEZ, a/k/a "Mole," the defendants, and others known and unknown, each being a person employed by and associated with the BB7 Enterprise, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the BB7 Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), which pattern of racketeering activity consisted of:

a.     multiple acts involving:

(i) murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:11-3 (murder), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting); and

(ii) robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00

5

(attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:15-1 (robbery), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting);

    b.  multiple offenses involving the distribution of controlled substances, including marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession of narcotics with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

    c.  multiple acts indictable under:

    (i) Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1344 (relating to financial institution fraud), and Section 2 (aiding and abetting, and willfully causing);

    (ii) Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Section 2 (aiding and abetting, and willfully causing);

    (iii) Title 18, United States Code, Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and Section 2 (aiding and abetting, and willfully causing); and

    (iv) Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property), and Section 2 (aiding and abetting, and willfully causing).

    7.  It was a part of the conspiracy that CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," ERICK PLACENCIA, a/k/a "Greña," JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," JEILIN PORTES GUABA, a/k/a "Ganga," JAVIER PEÑA, a/k/a "Lion,"

ANGEL MANON, a/k/a "Jerarka," and DARWIN MARTINEZ, a/k/a "Mole," the defendants, each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the BB7 Enterprise.

## NOTICE OF SPECIAL SENTENCING FACTORS

8.     As part of the agreement to conduct and participate in the conduct of the affairs of the BB7 Enterprise through a pattern of racketeering activity, the following defendants committed the following acts:

### A. Murder of Frankelis Tavarez

9.     On or about March 30, 2024, in the Southern District of New York and elsewhere, CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," and ANGEL MANON, a/k/a "Jerarka," the defendants, and others known and unknown, murdered Frankelis Tavarez, and aided and abetted the same, in the vicinity of the Bronx, New York, in that SOSA and MANON:

a.     with intent to cause the death of another person, caused the death of Tavarez, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(1) and 20.00.

b.     under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Tavarez, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(2) and 20.00.

### B. Murder of Gabriel Alvarez

10.     On or about July 28, 2025, in the Southern District of New York and elsewhere, DARWIN MARTINEZ, a/k/a "Mole," the defendant, and others known and unknown, murdered

7

Gabriel Alvarez, and aided and abetted the same, in the vicinity of the Bronx, New York, in that MARTINEZ:

      a.      with intent to cause the death of another person, caused the death of Alvarez, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(1) and 20.00.

      b.      under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Alvarez, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(2) and 20.00.

      c.      acting with one or more other persons known and unknown, committed and attempted to commit robbery and, in the course of and in furtherance of such crime and immediate flight therefrom, MARTINEZ or another participant caused the death of a person other than one of the participants in the crime, to wit, Alvarez, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(3) and 20.00.

C. Murder of Adam Waldropt

11.      On or about July 28, 2025, in the Southern District of New York and elsewhere, DARWIN MARTINEZ, a/k/a "Mole," the defendant, and others known and unknown, murdered Adam Waldropt, and aided and abetted the same, in the vicinity of the Bronx, New York, in that MARTINEZ:

      a.      with intent to cause the death of another person, caused the death of Waldropt, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(1) and 20.00.

b.     under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Waldropt, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(2) and 20.00.

c.     acting with one or more other persons known and unknown, committed and attempted to commit robbery and, in the course of and in furtherance of such crime and immediate flight therefrom, MARTINEZ or another participant caused the death of a person other than one of the participants in the crime, to wit, Waldropt, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(3) and 20.00.

D.  Murder of Alvis Perez Liriano

12.    On or about August 2, 2025, in the Southern District of New York and elsewhere, CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," ERICK PLACENCIA, a/k/a "Greña," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," and JAVIER PEÑA, a/k/a "Lion," the defendants, and others known and unknown, murdered Alvis Perez Liriano, and aided and abetted the same, in the vicinity of Newark, New Jersey, in that SOSA, PLACENCIA, MERCEDES MARTE, PERALTZ GOMEZ, ABAD RIVAS, CARBUCCIA, AND PEÑA:

a.     purposely and knowingly caused Perez Liriano's death and serious bodily injury resulting in death, in violation of N.J.S.A., Sections 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6 (aiding and abetting).

E.  Murder of Ariela Mejia-Polanco

9

13.     On or about August 17, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," and JEILIN PORTES GUABA, a/k/a "Ganga," the defendants, and others known and unknown, murdered Ariela Mejia-Polanco, and aided and abetted the same, in the vicinity of Mount Vernon, New York, in that MARTHA, MERCEDES MARTE, PERALTA GOMEZ, ABAD RIVAS, CARBUCCIA, and PORTES GUABA:

a.     under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Mejia-Polanco, and aided and abetted the same, in violation of New York Penal Law Sections 125.25(2) and 20.00; and

b.     acting with one or more other persons known and unknown, committed and attempted to commit robbery and, in the course of and in furtherance of such crime and of immediate flight therefrom, MARTHA, MERCEDES MARTE, PERALTA GOMEZ, ABAD RIVAS, CARBUCCIA, and PORTES GUABA or another participant caused the death of a person other than one of the participants in the crime, to wit, Mejia-Polanco, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(3) and 20.00.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Murder in Aid of Racketeering)

The Grand Jury further charges:

14.     At all times relevant to this Indictment, BB7, as described in Paragraphs 1 through 5 of this Indictment, which are repeated and incorporated by reference as though fully set forth

10

herein, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The BB7 Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the BB7 Enterprise.

15.    At all times relevant to this Indictment, BB7, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

a.    multiple acts involving:

(i) murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:11-3 (murder), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting); and

(ii) robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:15-1 (robbery), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting);

b.    multiple offenses involving the distribution of controlled substances, including marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession of narcotics with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

c.    multiple acts indictable under:

11

(i) Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1344 (relating to financial institution fraud), and Section 2 (aiding and abetting, and willfully causing);

(ii) Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Section 2 (aiding and abetting, and willfully causing);

(iii) Title 18, United States Code, Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and Section 2 (aiding and abetting, and willfully causing); and

(iv) Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property), and Section 2 (aiding and abetting, and willfully causing).

16. On or about March 30, 2024, in the Southern District of New York and elsewhere, CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," and ANGEL MANON, a/k/a "Jerarka," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from BB7, and for the purpose of gaining entrance to and maintaining and increasing position in BB7, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally murdered Frankelis Tavarez in the vicinity of the Bronx, New York, and did aid and abet the same, that is, SOSA and MANON:

a. with intent to cause the death of another person, caused the death of Tavarez, and aided and abetted the same, in violation of New York Penal Law Sections 125.25(1) and 20.00.

b. under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby

12

caused the death of Tavarez, and aided and abetted the same, in violation of New York Penal Law Sections 125.25(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), and 2.)

SPECIAL FINDINGS REGARDING THE MURDER OF FRANKELIS TAVAREZ

17.    Count Two of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count Two, alleging the murder of Frankelis Tavarez, CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," and ANGEL MANON, a/k/a "Jerarka," the defendants:

a.    were eighteen years of age or older at the time of the offense;

b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.    in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

13

g.    committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (Title 18, United States Code, Section 3592(c)(9)); and

h.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

## COUNT THREE
### (Interstate Stalking)

The Grand Jury further charges:

18.    From on or about June 27, 2025 through on or about June 28, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," JAVIER PEÑA, a/k/a "Lion," and JAROL LEDESMA, a/k/a "El Nueve," a/k/a "Lil Nueve," the defendants, traveled in interstate and foreign commerce with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, and in the course of, and as a result of, such travel engaged in conduct that placed that person in reasonable fear of the death of, and serious bodily injury to, that person, an immediate family member (as defined in section 115) of that person, a spouse and intimate partner of that person, and a pet, service animal, emotional support animal, and horse of that person and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person, an immediate family member (as defined in section 115) of that person, and a spouse and intimate partner of that person, and aided and abetted the same, and the offenders used dangerous weapons during the offense, to wit, MARTHA, MERCEDES MARTE, PERALTA GOMEZ, PEÑA, and LEDESMA followed several individuals by automobile from Massachusetts through the Bronx and Manhattan, New York to a hotel parking lot in Fort Lee,

14

New Jersey, where they brandished firearms at those individuals and robbed them of, among other things, jewelry and personal belongings.

(Title 18, United States Code, Sections 2261A(1), 2261(b)(3), and 2.)

## COUNT FOUR
### (Interstate Stalking)

The Grand Jury further charges:

19. From on or about June 27, 2025 through on or about June 28, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," JAVIER PEÑA, a/k/a "Lion," and JAROL LEDESMA, a/k/a "El Nueve," a/k/a "Lil Nueve," the defendants, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, used the mail, an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and another facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of the death of and serious bodily injury to that person, an immediate family member (as defined in section 115) of that person, a spouse and intimate partner of that person, and a pet, service animal, emotional support animal, and horse of that person and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person, an immediate family member (as defined in section 115) of that person, and a spouse and intimate partner of that person, and aided and abetted the same, and the offender used a dangerous weapon during the offense, to wit, MARTHA, MERCEDES MARTE, PERALTA GOMEZ, PEÑA, and LEDESMA followed several individuals by automobile using a GPS tracking device secretly placed on the individuals' vehicle from Massachusetts through the Bronx and Manhattan, New York to a hotel parking lot in Fort Lee,

15

New Jersey, where they brandished firearms at those individuals and robbed them of, among other things, jewelry and personal belongings.

(Title 18, United States Code, Sections 2261A(2), 2261(b)(3), and 2.)

### COUNT FIVE
### (Hobbs Act Robbery)

The Grand Jury further charges:

20.    From on or about June 27, 2025 through on or about June 28, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," JAVIER PEÑA, a/k/a "Lion," and JAROL LEDESMA, a/k/a "El Nueve," a/k/a "Lil Nueve," the defendants, knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, MARTHA, MERCEDES MARTE, PERALTA GOMEZ, PEÑA, and LEDESMA followed several individuals, including a music artist on an international tour with performances in multiple states in the United States, by automobile from Massachusetts through the Bronx and Manhattan, New York to a hotel parking lot in Fort Lee, New Jersey, where they brandished firearms at those individuals and robbed them of, among other things, jewelry used during the music artist's paid performances and marketing, which jewelry was then transported back to Manhattan and the Bronx, New York before being sold in Manhattan, New York.

(Title 18, United States Code, Sections 1951, and 2.)

16

## COUNT SIX
### (Conspiracy to Commit Hobbs Act Robbery)

The Grand Jury further charges:

21.   In or about June 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," JAVIER PEÑA, a/k/a "Lion," and JAROL LEDESMA, a/k/a "El Nueve," a/k/a "Lil Nueve," the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MARTHA, MERCEDES MARTE, PERALTA GOMEZ, PEÑA, and LEDESMA conspired to rob a music artist on an international tour with performances in multiple states in the United States of jewelry used during the music artist's paid performances and marketing, and traveled through the Bronx and Manhattan, New York in order to carry out such robbery, the stolen jewelry from which was then transported back to Manhattan and the Bronx, New York before being sold in Manhattan, New York.

(Title 18, United States Code, Sections 1951.)

## COUNT SEVEN
### (Firearm Use, Carrying, and Possession)

The Grand Jury further charges:

22.   On or about June 28, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," JAVIER PEÑA, a/k/a

17

"Lion," and JAROL LEDESMA, a/k/a "El Nueve," a/k/a "Lil Nueve," the defendants, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count Five of this Indictment, knowingly used and carried firearms, and in furtherance of such crimes, possessed firearms, and aided and abetted the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii), and 2.)

## COUNT EIGHT
### (Attempted Murder in Aid of Racketeering)

The Grand Jury further charges:

23. At all times relevant to this Indictment, BB7, as described in Paragraphs 1 through 5 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The BB7 Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the BB7 Enterprise.

24. At all times relevant to this Indictment, BB7, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

a. multiple acts involving:

(i) murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00

18

(aiding and abetting); and N.J.S.A., Sections 2C:11-3 (murder), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting); and

(ii) robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:15-1 (robbery), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting);

b.        multiple offenses involving the distribution of controlled substances, including marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession of narcotics with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

c.        multiple acts indictable under:

(i) Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1344 (relating to financial institution fraud), and Section 2 (aiding and abetting, and willfully causing);

(ii) Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Section 2 (aiding and abetting, and willfully causing);

(iii) Title 18, United States Code, Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and Section 2 (aiding and abetting, and willfully causing); and

(iv) Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property), and Section 2 (aiding and abetting, and willfully causing).

19

25.     On or about July 28, 2025, in the Southern District of New York and elsewhere, ERICK PLACENCIA, a/k/a "Greña," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," WILFREN CARBUCCIA, a/k/a "Diablon," and JAVIER PEÑA, a/k/a "Lion," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from BB7, and for the purpose of gaining entrance to and maintaining and increasing position in BB7, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally attempted to murder rival gang members, and aided and abetted the same, in violation of N.J.S.A., Sections 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1, and 2C:2-6, to wit, PLACENCIA, MERCEDES MARTE, PERALTA GOMEZ, CARBUCCIA, and PEÑA, together with other members and associates of BB7, organized, planned, and carried out a retaliatory shooting targeting rival gang members in Paterson, New Jersey in which members and associates of BB7, including PERALTA GOMEZ and PEÑA, pointed and discharged firearms at or in the direction of others.

(Title 18, United States Code, Sections 1959(a)(5), and 2.)

## COUNT NINE
### (Murder in Aid of Racketeering)

The Grand Jury further charges:

26.     At all times relevant to this Indictment, BB7, as described in Paragraphs 1 through 5 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The BB7

Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the BB7 Enterprise.

27.    At all times relevant to this Indictment, BB7, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

a.    multiple acts involving:

(i) murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:11-3 (murder), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting); and

(ii) robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:15-1 (robbery), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting);

b.    multiple offenses involving the distribution of controlled substances, including marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession of narcotics with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

c.    multiple acts indictable under:

(i) Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1344 (relating to financial institution fraud), and Section 2 (aiding and abetting, and willfully causing);

21

(ii) Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Section 2 (aiding and abetting, and willfully causing);

(iii) Title 18, United States Code, Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and Section 2 (aiding and abetting, and willfully causing); and

(iv) Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property), and Section 2 (aiding and abetting, and willfully causing).

28.    On or about July 28, 2025, in the Southern District of New York and elsewhere, DARWIN MARTINEZ, a/k/a "Mole," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from BB7, and for the purpose of gaining entrance to and maintaining and increasing position in BB7, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally murdered Gabriel Alvarez in the vicinity of the Bronx, New York, that is, MARTINEZ:

a.    with intent to cause the death of another person, caused the death of Alvarez in violation of New York Penal Law Section 125.25(1).

b.    under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Alvarez, in violation of New York Penal Law Section 125.25(2).

c.    acting with one or more other persons known and unknown, committed and attempted to commit robbery and, in the course of and in furtherance of such crime and immediate flight therefrom, MARTINEZ or another participant caused the death of a person other than one

22

of the participants in the crime, to wit, Alvarez, in violation of New York Penal Law, Section 125.25(3).

(Title 18, United States Code, Section 1959(a)(1).)

SPECIAL FINDINGS REGARDING THE MURDER OF GABRIEL ALVAREZ

29.     Count Nine of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count Nine, alleging the murder of Gabriel Alvarez, DARWIN MARTINEZ, a/k/a "Mole," the defendant:

a.      was eighteen years of age or older at the time of the offense;

b.      intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.      intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

d.      intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.      intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.      in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

23

g.      committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

h.      intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

**COUNT TEN**
**(Murder in Aid of Racketeering)**

The Grand Jury further charges:

30.      At all times relevant to this Indictment, BB7, as described in Paragraphs 1 through 5 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The BB7 Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the BB7 Enterprise.

31.      At all times relevant to this Indictment, BB7, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

a.      multiple acts involving:

(i) murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00

24

(aiding and abetting); and N.J.S.A., Sections 2C:11-3 (murder), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting); and

(ii) robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:15-1 (robbery), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting);

b.      multiple offenses involving the distribution of controlled substances, including marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession of narcotics with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

c.      multiple acts indictable under:

(i) Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1344 (relating to financial institution fraud), and Section 2 (aiding and abetting, and willfully causing);

(ii) Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Section 2 (aiding and abetting, and willfully causing);

(iii) Title 18, United States Code, Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and Section 2 (aiding and abetting, and willfully causing); and

(iv) Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property), and Section 2 (aiding and abetting, and willfully causing).

32.     On or about July 28, 2025, in the Southern District of New York and elsewhere, DARWIN MARTINEZ, a/k/a "Mole," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from BB7, and for the purpose of gaining entrance to and maintaining and increasing position in BB7, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally murdered Adam Waldropt in the vicinity of the Bronx, New York, and did aid and abet the same, that is, MARTINEZ:

a.     with intent to cause the death of another person, caused the death of Waldropt, and aided and abetted the same, in violation of New York Penal Law Sections 125.25(1) and 20.00.

b.     under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Waldropt, and aided and abetted the same, in violation of New York Penal Law Sections 125.25(2) and 20.00.

c.     acting with one or more other persons known and unknown, committed and attempted to commit robbery and, in the course of and in furtherance of such crime and immediate flight therefrom, MARTINEZ or another participant caused the death of a person other than one of the participants in the crime, to wit, Waldropt, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(3) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), and 2.)

SPECIAL FINDINGS REGARDING THE MURDER OF ADAM WALDROPT

33.    Count Ten of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count Ten, alleging the murder of Adam Waldropt, DARWIN MARTINEZ, a/k/a "Mole," the defendant:

a.    was eighteen years of age or older at the time of the offense;

b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.    in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

g.    committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

27

h.      intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

**COUNT ELEVEN**
**(Murder in Aid of Racketeering)**

The Grand Jury further charges:

34.    At all times relevant to this Indictment, BB7, as described in Paragraphs 1 through 5 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The BB7 Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the BB7 Enterprise.

35.    At all times relevant to this Indictment, BB7, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

a.      multiple acts involving:

(i) murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:11-3 (murder), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting); and

(ii) robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:15-1 (robbery), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting);

28

b.    multiple offenses involving the distribution of controlled substances, including marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession of narcotics with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

c.    multiple acts indictable under:

(i) Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1344 (relating to financial institution fraud), and Section 2 (aiding and abetting, and willfully causing);

(ii) Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Section 2 (aiding and abetting, and willfully causing);

(iii) Title 18, United States Code, Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and Section 2 (aiding and abetting, and willfully causing); and

(iv) Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property), and Section 2 (aiding and abetting, and willfully causing).

36.    On or about August 2, 2025, in the Southern District of New York and elsewhere, CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," ERICK PLACENCIA, a/k/a "Greña," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," and JAVIER PEÑA, a/k/a "Lion," as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from BB7, and for the purpose of gaining entrance to and maintaining and increasing position in BB7,

29

an enterprise engaged in racketeering activity, knowingly and intentionally murdered Alvis Perez Liriano in the vicinity of Newark, New Jersey, and did aid and abet the same, in violation of N.J.S.A., Sections 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6, and New York Penal Law Sections 125.25(1), 125.25(2), and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), and 2.)

SPECIAL FINDINGS REGARDING THE MURDER OF ALVIS PEREZ LIRIANO

37.    Count Eleven of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count Eleven, alleging the murder of Alvis Perez Liriano, CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," ERICK PLACENCIA, a/k/a "Greña," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," and JAVIER PEÑA, a/k/a "Lion," the defendants:

     a.    were eighteen years of age or older at the time of the offense;

     b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

     c.    intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

     d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

     e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense,

30

such that participation in the act constituted reckless disregard for human life and the victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

      f.     in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

      g.     committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (Title 18, United States Code, Section 3592(c)(9)); and

      h.     intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

**COUNT TWELVE**
**(Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury in Aid of Racketeering)**

The Grand Jury further charges:

38.    At all times relevant to this Indictment, BB7, as described in Paragraphs 1 through 5 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The BB7 Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the BB7 Enterprise.

39.    At all times relevant to this Indictment, BB7, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

31

a.    multiple acts involving:

(i) murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:11-3 (murder), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting); and

(ii) robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:15-1 (robbery), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting).

b.    multiple offenses involving the distribution of controlled substances, including marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession of narcotics with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing).

c.    multiple acts indictable under:

(i) Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1344 (relating to financial institution fraud), and Section 2 (aiding and abetting, and willfully causing);

(ii) Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Section 2 (aiding and abetting, and willfully causing);

(iii) Title 18, United States Code, Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and Section 2 (aiding and abetting, and willfully causing); and

32

(iv) Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property), and Section 2 (aiding and abetting, and willfully causing).

40.    On or about August 16, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," and WILFREN CARBUCCIA, a/k/a "Diablon," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from BB7, and for the purpose of gaining entrance to and maintaining and increasing position in BB7, an enterprise engaged in racketeering activity, as described above, knowingly attempted to murder one or more individuals, knowingly assaulted an individual with a dangerous weapon, knowingly assaulted an individual resulting in serious bodily injury to that individual, and aided and abetted the same, to wit, in the vicinity of the Hunts Point section of the Bronx, MARTHA, MERCEDES MARTE, and CARBUCCIA, together with other members and associates of BB7, planned, directed, and conducted, an attempted armed robbery, during which CARBUCCIA and other members and associates of BB7 used firearms to shoot two individuals, seriously injuring them, in violation of New York Penal Law, Sections 120.05(1), 120.05(2), 120.10(1), 120.10(3), 120.10(4), 120.14(1), and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), and 2.)

### COUNT THIRTEEN
### (Firearm Use, Carrying, and Possession)

The Grand Jury further charges:

41.    On or about August 16, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," and WILFREN CARBUCCIA, a/k/a "Diablon," the defendants, during and

33

in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon and assault resulting in serious bodily injury in aid of racketeering charged in Count Twelve of this Indictment, knowingly used and carried firearms, and in furtherance of such crime, possessed firearms, and aided and abetted the use, carrying, and possession of firearms, which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

## COUNT FOURTEEN
### (Murder in Aid of Racketeering)

The Grand Jury further charges:

42.    At all times relevant to this Indictment, BB7, as described in Paragraphs 1 through 5 of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The BB7 Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the BB7 Enterprise.

43.    At all times relevant to this Indictment, BB7, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely:

a.    multiple acts involving:

(i) murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:11-3 (murder), 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting); and

34

(ii) robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); and N.J.S.A., Sections 2C:15-1, 2C:5-1 (attempt), 2C:5-2 (conspiracy), and 2C:2-6 (aiding and abetting).

b.        multiple offenses involving the distribution of controlled substances, including marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession of narcotics with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

c.        multiple acts indictable under:

(i) Title 18, United States Code, Sections 1343 (relating to wire fraud) and 1344 (relating to financial institution fraud), and Section 2 (aiding and abetting, and willfully causing);

(ii) Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion) and Section 2 (aiding and abetting, and willfully causing);

(iii) Title 18, United States Code, Sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), and 2 (aiding and abetting, and willfully causing); and

(iv) Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property), and Section 2 (aiding and abetting, and willfully causing).

44.      On or about August 17, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD

35

RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," and JEILIN PORTES GUABA, a/k/a "Ganga," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from BB7, and for the purpose of gaining entrance to and maintaining and increasing position in BB7, an enterprise engaged in racketeering activity, knowingly and intentionally murdered Ariela Mejia-Polanco in the vicinity of Mount Vernon, New York in the course of an attempted armed robbery, that is, MARTHA, MERCEDES MARTE, PERALTA GOMEZ, ABAD RIVAS, CARBUCCIA, and PORTES GUABA:

a.    under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Mejia-Polanco, and aided and abetted the same, in violation of New York Penal Law Sections 125.25(2) and 20.00.

b.    acting with one or more other persons known and unknown, committed and attempted to commit an armed robbery and, in the course of and in furtherance of that crime and of immediate flight therefrom, MARTHA, MERCEDES MARTE, PERALTA GOMEZ, ABAD RIVAS, CARBUCCIA, and PORTES GUABA or another participant caused the death of a person other than one of the participants in the crime, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(3) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), and 2.)

**COUNT FIFTEEN**
**(Attempted Carjacking Resulting in Death)**

The Grand Jury further charges:

45.    On or about August 17, 2025, in the Southern District of New York and elsewhere, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a

36

"Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," and JEILIN PORTES GUABA, a/k/a "Ganga," the defendants, with the intent to cause death and serious bodily harm, did take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, and attempted to take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, and aided and abetted the same, resulting in the death of the victim, to wit, MARTHA, MERCEDES MARTE, PERALTA GOMEZ, ABAD RIVAS, CARBUCCIA, and PORTES GUABA, together with other members and associates of BB7, attempted to commit an armed carjacking of a black Mercedes Benz G63 driven by Ariela Mejia-Polanco in or around Mount Vernon, New York, which resulted in the murder of Mejia-Polanco.

(Title 18, United States Code, Sections 2119(3), and 2.)

SPECIAL FINDINGS REGARDING THE MURDER OF ARIELA MEJIA-POLANCO

46.     Counts Fourteen and Fifteen of this Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Fourteen and Fifteen, alleging the murder of Ariela Mejia-Polanco, JUSTIN MARTHA, a/k/a "Mafia," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," and JEILIN PORTES GUABA, a/k/a "Ganga," the defendants:

a.     were eighteen years of age or older at the time of the offense;

b.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

37

c.      intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

d.      committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

47.      Counts Fourteen and Fifteen of this Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Sixteen and Seventeen, alleging the murder of Ariela Mejia-Polanco, MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," the defendant:

a.      was eighteen years of age or older at the time of the offense;

b.      intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

c.      intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.      intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the victim died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

e.      committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

38

## FORFEITURE ALLEGATIONS

48.     As a result of committing the offense alleged in Count One of this Indictment, CHELDRID SOSA, a/k/a "Avipa," a/k/a "Young Avii," ERICK PLACENCIA, a/k/a "Greña," JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," MANUEL ABAD RIVAS, a/k/a "Rubirosa," WILFREN CARBUCCIA, a/k/a "Diablon," JEILIN PORTES GUABA, a/k/a "Ganga," JAVIER PEÑA, a/k/a "Lion," ANGEL MANON, a/k/a "Jerarka," and DARWIN MARTINEZ, a/k/a "Mole," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

49.     As a result of committing the offenses alleged in Counts Five and Six of this Indictment, JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," JAVIER PEÑA, a/k/a "Lion," and JAROL LEDESMA, a/k/a "El Nueve," a/k/a "Lil Nueve," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and

39

personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

50.     As a result of committing the offenses alleged in Counts Seven and Thirteen of this Indictment, ERICK PLACENCIA, a/k/a "Greña," JUSTIN MARTHA, a/k/a "Mafia," MICHAEL MERCEDES MARTE, a/k/a "Sicario," a/k/a "Sikario," a/k/a "S30," JOSE PERALTA GOMEZ, a/k/a "JP," a/k/a "JeyP," WILFREN CARBUCCIA, a/k/a "Diablon," JAVIER PEÑA, a/k/a "Lion," and JAROL LEDESMA, a/k/a "El Nueve," a/k/a "Lil Nueve," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offenses.

## Substitute Assets Provision

51.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c),

40

41

to seek forfeiture of any other property of the defendant up to the value of the above forfeitable

property.

(Title 18, United States Code, Sections 924, 981, and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

/FOREPERSON/

JAY CLAYTON
United States Attorney

41